UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JOHN K. COOPER, SR.                                  CIVIL ACTION

Versus                                               NO.: 12-1118

JAZZ CASINO COMPANY, LLC, D/B/A                      SECTION: "F"
HARRAH'S NEW ORLEANS, ET AL.

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

## Background

This race discrimination case began in Louisiana state court over six years ago, and has now been removed to this Court for the second time.  The plaintiff, John K. Cooper, worked for the Jazz Casino Company, which operates in New Orleans as Harrah's Casino. The defendants John Payne and Dave Tannen also worked for Harrah's, Payne as a general manager and Tannen as an assistant general manager.

Plaintiff asserts that the defendants discriminated against him because of his race by paying him less than they paid white employees performing similar tasks, and for eventually firing him based on the false claim that he had stolen money from Harrah's, and because he had played in a privately organized, off-site poker tournament.

Cooper sued in state court, in early March 2005, asserting

1

"violation of Louisiana discrimination laws" and seeking "all amounts commensurate with his damages to include loss of reputation, loss of income past, present and future, loss of employment, loss of his ability to earn money in his trained occupation, loss of benefits, loss of job opportunity, emotional distress, as well as all compensatory and statutory damages, including attorney fees, all as provided for by law."

The defendants initially removed the case to this Court on the basis that the plaintiff was seeking "penalties" in his complaint.  Such penalties, the defendants extrapolated, were only available under federal law, and thus the plaintiff's claim was in fact a federal discrimination claim masquerading as a claim under Louisiana law.  This Court disagreed, and in its August 15, 2005 Order and Reasons remanded the case.

The case has continued in state court for a number of years. The defendants moved for summary judgment in May 2011, which the state court denied.  Defendants moved for reconsideration of the court's decision in November 2011, but that reconsideration was also denied.  Shifting their tactics, the defendants filed an exception of prescription in mid-March 2012, asserting that plaintiff's race discrimination claim was time-barred.  When the plaintiff filed an opposition memorandum to the defendant's exception of prescription, the defendants seized on certain passages of the response, and once again removed the case,

2

arguing that the cited passages prove that the plaintiff's race discrimination claim arises under federal law. The plaintiff now moves to remand the case.

I.

The removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 510 U.S. 868, 114 S. Ct. 192, 126 L.Ed.2d 150 (1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

Contrary to the defendants' assertions, an examination of the state court record in this case reveals that the plaintiff is not pursuing a federal discrimination claim. To the contrary: plaintiff's claims are brought pursuant to Louisiana state law, as he had maintained since the beginning of this litigation.

Defendants' attempt to characterize the plaintiff's reference to federal law in his opposition to their exception of prescription as an admission that his cause of action arises under federal law is disingenuous. The plaintiff's response to

3

the defendants' exception of prescription explicitly references Louisiana case law for the plaintiff's argument that his state law claim is not prescribed.  The plaintiff cites – and discusses – two cases from the Louisiana Supreme Court in support of his argument.  Then, the plaintiff says "[t]his approach also exists under federal law," and goes on to discuss two federal cases and the Lilly Ledbetter Fair Pay Act, in an attempt to bolster his argument, by analogy...by analogy only...to federal law.  Nowhere does the plaintiff say anything which would indicate that he is pursuing a federal cause of action.  As the defendants themselves, ironically, admit in their opposition to the plaintiff's motion to remand, "Louisiana courts look to federal jurisprudence to construe anti-discrimination statutes because, as enacted, they were nearly identical to federal anti-discrimination statutes."

### III.

The plaintiff also moves the Court for attorney's fees and costs associated with the improper removal.  Title 28 United States Code Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  In Martin v. Franklin Capital Corporation, 546 U.S. 132 (2005), the United States Supreme Court instructed that:

> [T]he standard for awarding fees should turn
> on the reasonableness of the removal. Absent
> unusual circumstances, courts may award
> attorney's fees under Section 1447(c) only
> where the removing party lacked an
> objectively reasonable basis for seeking
> removal. Conversely, when an objectively
> reasonable basis exists, fees should be
> denied. See, e.g., Hornbuckle, 385 F.3d at
> 541; Valdes v. Wal-Mart Stores, Inc., 199
> F.3d 290, 293 (CA5 2000). In applying this
> rule, district courts retain discretion to
> consider whether unusual circumstances
> warrant a departure from the rule in a given
> case. For instance, a plaintiff's delay in
> seeking remand or failure to disclose facts
> necessary to determine jurisdiction may
> affect the decision to award attorney's fees.
> When a court exercises its discretion in this
> manner, however, its reasons for departing
> from the general rule should be "faithful to
> the purposes" of awarding fees under Section
> 1447(c).

The Court in this case is left with the firm impression that there has been no objective basis for removal. The defendant's manufactured attempt to take the plaintiff's discussion of federal law from his opposition memorandum, which responds to the defendant's own arguments in their exception of prescription, and to equate it with a basis in law for removal is a troubling hope for forum shopping.

Accordingly, IT IS ORDERED: that the motion to remand is GRANTED, and defendants shall pay the plaintiff attorney's fees and costs pursuant to Section 1447(c). The determination of the amount of such fees and costs is REFERRED to the Magistrate Judge.

New Orleans, Louisiana, June 19, 2012.

_____

MARTIN L. C. FELDMAN

UNITED STATES DISTRICT JUDGE